IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JOHN J. FLYNN, et al., | |
| Plaintiffs, | No. 06mc59-JSS |
| vs. | RULING ON MOTION TO QUASH |
| FARMER MASONRY, INC., DWAYNE FARMER, Individually, | |
| Defendants. | |

On the 28th day of January 2008, this matter came on for hearing on the Motion to Quash Levy on Real Estate (docket number 15) filed by Defendant Dwayne Farmer on December 13, 2007. Plaintiffs did not appear, but were represented by their attorney, David P. McManus. Defendant Dwayne Farmer appeared personally and was represented by his attorney, Steven E. Howes.

## RELEVANT FACTS

The issue before the Court is whether a judgment entered in favor of Plaintiffs and against Defendant Dwayne Farmer is a lien on real estate located on Bullis Drive in Marion, Iowa.[1] The facts underlying this issue are undisputed and may be briefly stated as follows:

Prior to March 2003, Dwayne Farmer and Linda Farmer lived together as husband and wife in a single family home on 9th Street in Marion, Iowa. On March 3, 2003, the

---

[1] Defendant Farmer Masonry, Inc. did not appear in this action and, according to the instant Motion to Quash, "does not own any property, real or personal and is no longer in existence as a legal entity." *See* Motion to Quash Levy on Real Estate (docket number 15) at ¶ 2. Accordingly, any reference to "Defendant" or to "Farmer" is a reference to Defendant Dwayne Farmer only.

1

Farmers purchased a home on Bullis Drive in Marion. See Warranty Deed (Defendant's Exhibit F). The Farmers separated, however, shortly after moving to the Bullis Drive residence.[2] After leaving the marital residence, Farmer moved to an apartment at the Roosevelt Hotel. Linda Farmer continued to reside in the Bullis Drive residence, and claimed it as her "homestead" for property tax purposes.

On July 18, 2006, Plaintiffs obtained a default judgment against Defendants Farmer Masonry, Inc. and Dwayne Farmer, individually, in the amount of $168,485.85. See Certification of Judgment for Registration in Another District (docket number 1) at 2-3. The Judgment was certified to the United States District Court for the Northern District of Iowa on September 26, 2006. See Id. at 1.

On August 24, 2007, the Farmers entered into a purchase/sale contract (Defendant's Exhibit E) for the sale of the Bullis Drive property. Initially, the closing was to occur on September 21, 2007. The closing did not occur at that time, however, apparently due in part to issues relating to Plaintiffs' judgment. Accordingly, the Farmers and the purchasers entered into an "interim occupancy" agreement, which allowed the purchasers to possess the property beginning September 24, 2007. See Defendant's Exhibit E. Linda Farmer vacated the property at about that time and subsequently purchased a condominium on Prairie Bend Circle in Marion.

According to Farmer, however, the purchasers "got tired of not being able to close on the house" and eventually purchased another house. Coincidentally, the purchasers vacated the Bullis Drive property on the weekend prior to the instant hearing. At that time, Farmer moved back into the Bullis Drive house from the Roosevelt Hotel, where he had resided for nearly the last five years. That is, Farmer reoccupied the subject property the "night before" the instant hearing, after having lived at another location since March 2003.

---

[2] Linda Farmer testified that Farmer lived there "for a few days," while Farmer testified that he lived there "30 days or less."

While the record is somewhat imprecise, Linda Farmer apparently filed for divorce in 2006. The divorce was finalized on November 26, 2007. *See* Decree (Defendant's Exhibit A). The Decree adopted by reference a Stipulation which was entered into between the Farmers which provided, among other things, that the property on Bullis Drive would be sold and the net proceeds of the sale divided equally between the Farmers. *See Id.*, ¶ 15 at 8. The Stipulation also addressed the instant action and a federal tax lien.

> It is the mutual intent, acknowledgment and belief of the parties that any encumbrance against the real estate arising from a federal tax lien recorded in the office of the Linn County Recorder at Book 6801 at Page 519 or a judgment entered against Dwayne Farmer in U.S. District Court (Northern District of Iowa) Case no.#06-00059 in the amount of $168,485.85 has only to do with the conduct, errors or omissions of the Respondent, and does not relate to the conduct of nor is the responsibility of Petitioner. It is expressly intended and desired by the parties that the foregoing encumbrances shall not impair or be paid from Petitioner's one-half interest in the net real estate proceeds, the same being her rightful marital interest in the property based upon her contributions to the marriage including but not limited to her financial contribution toward purchase of this real estate, but instead shall encumber and be paid only from Respondent's interest herein in the net proceeds.

*See Id.* ¶ 15 at 8-9.

The property on Bullis Drive is encumbered by a first and second mortgage. The Community Savings Bank has a first mortgage with a balance due of approximately $103,109.46. *See* Loan Payoff Statement (Defendant's Exhibit B). The Farmers State Bank has a second mortgage on the property with a payoff balance of approximately $48,721.98. *See* Loan Payoff Statement (Defendant's Exhibit C). The Court notes parenthetically that the purchase price agreed to in August 2007 was $189,000.

The Internal Revenue Service also filed a Notice of Federal Tax Lien (Defendant's Exhibit D) on the subject property. According to the Notice, unpaid taxes in the amount of $47,076.18 accrued in the fourth quarter of 2004 and the first two quarters of 2005.

The Notice of Federal Tax Lien was filed with the Linn County Recorder on October 1, 2007. The delinquent taxes apparently relate to a business interest of Dwayne Farmer.

## CONCLUSIONS OF LAW

The issue before the Court is whether the judgment obtained by Plaintiffs against Defendants on July 18, 2006, and certified to this District on September 26, 2006, constitutes a lien on the real property owned by Dwayne Farmer and Linda Farmer on Bullis Drive in Marion, Iowa.

Generally, a person's homestead is exempt from execution "where there is no special declaration of statute to the contrary." Iowa Code § 561.16. As defined in Section 561.1, "[T]he homestead must embrace the house used as a home by the owner." In a Post-Hearing Brief (docket number 23), Plaintiffs argue that Dwayne Farmer abandoned the homestead. Even if that is true, however, Farmer argues that a judgment lien could not attach to the property due to the homestead interest of Linda Farmer.

In resolving this issue, both parties cite *Baratta v. Polk County Health Services, Inc.*, 588 N.W.2d 107 (Iowa 1999). There, the judgment debtor and his wife purchased a home as joint tenants, which they claimed as their homestead. *Id.* at 108. Three years later, a judgment which had previously entered in Nebraska was registered in the county where the judgment debtor and his wife resided. *Id.* at 109. Apparently, no effort was made to collect on the judgment at that time. *Id.* The judgment debtor and his wife subsequently sold their homestead property to a third-party purchaser. Although the judgment had been property recorded, "it was inadvertently omitted from the abstract and was not uncovered as a cloud on the title at the time of sale." *Id.* Following the sale, the judgment creditor filed a foreclosure petition against the third-party purchaser in an attempt to enforce the judgment lien. The District Court granted judgment in favor of the judgment creditor, but the Iowa Supreme Court reversed, in a 5-4 decision.

Citing Iowa Code Section 561.16, the Iowa Supreme Court recognized the general rule that a homestead is exempt from execution. *Id.* at 110 ("a judgment lien generally

4

cannot attach to land used and occupied as a homestead and land designated as a homestead generally cannot be executed upon to enforce a judgment lien."). There are exceptions to the general rule, however, as set forth in Iowa Code Section 561.21. In *Baratta*, the judgment was based on unpaid child support. "[A] child support judgment entered prior to the acquisition of the homestead is a debt within the meaning of section 561.21(1), which enables a court to subject the homestead to judicial sale to satisfy delinquent installments, absent other available property upon which to levy." *Id.* at 111 (citing *In re Marriage of McMorrow*, 342 N.W.2d 73, 76 (Iowa 1983)). That is, the Court concluded that the judgment debtor did not have a valid claim for homestead exemption because the exception found in Section 561.21(1) applied.

At the time the out-of-state judgment was registered in *Baratta*, however, the property at issue was owned jointly by the judgment debtor and his spouse. "We cannot ignore [the spouse's] homestead interest in determining whether the judgment lien attached to the property." *Id.* at 112. According to the Court in *Baratta*, "the issue we must determine is whether a judgment lien for outstanding child support can *attach* to property owned and occupied as a homestead by an ex-husband and his current wife as joint tenants, when the judgment is against only the ex-husband." *Id.* at 111-112 (emphasis in original). Citing prior cases, the Court concluded that "it is clear that the homestead exemption does not only prevent *execution* against homestead property, as [the judgment creditor] argues, but the *attachment* of judgment liens to homestead property." *Id.* (emphasis in original).

The Court cited with approval *Merchants Mutual Bonding Co. v. Underberg*, 291 N.W.2d 19, 21 (Iowa 1980), for the proposition that "there can be no splitting of homestead rights." *Id.*

> We concluded [in *Merchants Mutual*] that "[a] creditor who seeks to satisfy his debt out of a homestead must be certain he has a right against the *whole* property, not just part of it." *Id.*; *See also Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 391 (Iowa 1988) ("If the interests of one [spouse] are not subject to execution, neither are the interests of the other.").

5

*Id.* Accordingly, the Court in *Baratta* concluded that "[the judgment debtor's spouse's] ownership interest in the property prevented the judgment lien from attaching." *Id.*

Turning to the facts in the instant action, at the time Plaintiffs certified their judgment to Iowa, the subject property was held in joint tenancy by Dwayne E. Farmer and Linda M. Farmer. It is undisputed that Linda Farmer was living in the residence at the time and claimed the house as her homestead. Even if the house could not properly be considered Dwayne's homestead at that time, the Court concludes that Linda's ownership in the property prevented the judgment lien from attaching. *Baratta*, 588 N.W.2d at 112.

At the time of hearing, Dwayne Farmer testified that he and Linda are still trying to sell the property. Pursuant to their divorce decree, Dwayne and Linda will share equally in the net proceeds, if any, from the sale of the property. The Court speculated at the hearing regarding whether Plaintiffs would be able to execute upon Dwayne's share of the proceeds. As Defendant points out in his post-hearing brief (docket number 22), however, that issue is not before the Court at this time.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Quash Levy on Real Estate (docket number 15) filed by Defendant Dwayne Farmer on December 13, 2007, is hereby **GRANTED**.

DATED this 6th day of February, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA